**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ DISTRICT 36 BUILDING OPERATORS PENSION FUND<br>1515 Market Street<br>Suite 1020<br>Philadelphia, PA 19102 | : <br> : <br> : CIVIL ACTION<br> : <br> : <br> : <br> : No. |
| and | |
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ DISTRICT 36 BUILDING OPERATORS WELFARE FUND<br>1515 Market St.<br>Suite 1020<br>Philadelphia, PA 19102 | |
| and | |
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ DISTRICT 36 BUILDING OPERATORS LEGAL SERVICES FUND<br>1515 Market St.<br>Suite 1020<br>Philadelphia, PA 19102 | |
| and | |
| WAYNE MACMANIMAN, JR., TRUSTEE SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ DISTRICT 36 BENEFIT FUNDS<br>1515 Market St.<br>Suite 1000<br>Philadelphia, PA 19102 | |
|                              Plaintiffs,<br>     v. | |
| ARAMARK HEALTHCARE SUPPORT SERVICES, LLC<br>2400 Market Street<br>Philadelphia, PA 19103<br><br>                             Defendant. | |

**COMPLAINT**

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 185(a), 1132, 1145 and 28 U.S.C. §1367.

2. A copy of this Complaint will be served on the Secretaries of Labor and Treasury by certified mail in accordance with 29 U.S.C. § 1132(h).

**VENUE**

3. Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§ 185(a) or 1132(e)(2).

**PARTIES**

4. Plaintiffs Service Employees International Union Local 32BJ District 36 Pension Fund ("Pension Fund"), Service Employees International Union Local 32BJ District 36 Welfare Fund ("Welfare Fund"), and Service Employees International Union Local 32BJ District 36 Legal Services Fund ( "Legal Fund", collectively with Pension Fund and Welfare Fund, "Funds") are trust funds established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1) and (3). The Funds are administered at the addresses listed in the caption.

5. Plaintiff Wayne MacManiman is the Trustee and a fiduciary with respect to the Funds within the meaning of 29 U.S.C. § 1002 (21)(A) with a business address as listed in the caption. He is authorized to bring this action on behalf of all Trustees of the Funds.

6.      Defendant Aramark Healthcare Support Services, LLC ("Defendant" or "Employer") is an employer in an industry affecting commerce with the meaning of 29 U.S.C. §§ 152 (2), (6) and (7), 1002(5), (11), and (12). Defendant is located at the address listed in the caption.

**FACTS**

7.      At all times relevant to this action, Employer was party to a series of collective bargaining agreements ("Labor Contracts") with Service Employees International Union Local 32BJ ("Union"). The Labor Contracts covered the Employer's non-supervisory employees who were employed at Lankenau Hospital, located at Lancaster Avenue and Wynnewood Road in Philadelphia, Pennsylvania. A true and correct copy of the Labor Contract for the period from November 1, 2018 to October 31, 2022 is hereto attached as Exhibit 1. A true and correct copy of the Labor Contract for the period from November 1, 2022 to October 31, 2026 is hereto attached as Exhibit 2. A true and correct copy of the Memorandum of Understanding, amending the contribution rate for the Welfare Fund for the period 2023 to 2027, is hereto attached as Exhibit 3.

8.      Employer also agreed to abide by the terms of the Declarations of Trust of the Funds as from time to time amended ("Trust Agreements") made between certain employers and employee representatives in an industry affecting interstate commerce to promote stable and peaceful labor relations.

9.      Under the Labor Contract or Trust Agreements, the Employer agreed:

(a) To make full and timely payments on a monthly basis to the Funds;

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contracts;

(c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Employer's corporate records concerning its obligation to the Funds; and

(d) To pay interest and liquidated damages and all costs of litigation expended by the Funds to collect any amounts due as a consequence of the Employer's failure to comply with its contractual obligations.

10. The Employer was selected by the Funds for a compliance audit of Employer's payroll records for the period from January 1, 2021 through December 31, 2023 ("Audit Period").

11. On March 10, 2025, Sarah Millinghausen, Financial Manager for the Funds, sent the Employer the results of the compliance audit. The audit revealed that the Employer owed the Funds contributions for the Audit Period in the following amounts:

| Fund | Contributions |
|---|---|
| Welfare Fund | $24,550.00 |
| Pension Fund | $ 6,891.09 |
| Legal Services Fund | $   332.11 |
| Total | $31,773.20 |

The March 10, 2025 letter demanded payment of the $31,773.20 owed in contributions plus interest through the date of the letter. The letter warned that if the contributions and interest were not paid within 30 days of the date of the letter, the liquidated damages of 20% of the contribution amount would be assessed. A true and correct copy of the March 10, 2025 letter is hereto attached as Exhibit 4.

12. Employer failed to pay the outstanding amounts owed. On April 21, 2025, Ms. Millinghausen sent a final demand letter to the Employer for the outstanding contributions, interest

through April 21, 2025 and liquidated damages to the Funds totaling $51,865.83. The amount owed to each Fund is itemized as follows:

| Fund | Contributions | Interest | Liquidated Damages | Total |
|---|---|---|---|---|
| Welfare Fund | $24,550.00 | $10,654.84 | $4,910.00 | $40,114.84 |
| Pension Fund | $6,891.09 | $2,941.39 | $1,378.22 | $11,210.70 |
| Legal Services Fund | $332.11 | $141.76 | $66.42 | $540.29 |
| **TOTAL** | | | | **$51,865.83** |

A true and correct copy of the April 21, 2025 letter to Employer is hereto attached as Exhibit 5.

13. Employer failed to pay the outstanding amounts owed. On May 9, 2025, Susan A. Murray, Esquire, Fund Counsel, sent Employer a letter demanding the outstanding $51,865.83. Employer failed to respond to Ms. Murray's correspondence. A true and correct copy of the letter May 9, 2025 is hereto attached as Exhibit 6.

14. Employer failed to pay the Funds. Employer owes the Funds a total of $51,865.83 due under the Labor Contract in contributions, interest and liquidated damages, plus ongoing interest and attorneys' fees and costs.

## COUNT I
## CONTRIBUTIONS UNDER CONTRACT – SUM CERTAIN

15. The allegations of Paragraphs 1 through 14 are incorporated by reference as if fully restated.

16. The Employer owes the Welfare Fund $40,114.84 in contributions, interest through April 21, 2025 and liquidated damages, plus additional interest owed through date of payment and

reasonable attorneys' fees and costs incurred in this action or enforcement of any judgment as provided in the Labor Contracts or Trust Agreement.

17. The Employer owes the Pension Fund $11,210.70 in contributions, interest through April 21, 2025 and liquidated damages, plus additional interest owed through date of payment and reasonable attorneys' fees and costs incurred in this action or enforcement of any judgment as provided in the Labor Contracts or Trust Agreement.

18. The Employer owes the Legal Services Fund $540.29 in contributions, interest through April 21, 2025 and liquidated damages, plus additional interest owed through date of payment and reasonable attorneys' fees and costs incurred in this action or enforcement of any judgment as provided in the Labor Contracts or Trust Agreement.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment against the Employer and in favor of the Funds for at least $51,865.83 for the above stated contributions, interest, liquidated damages, plus any additional interest and reasonable attorneys' fees and costs incurred in this action or enforcement of any judgment as provided in the Labor Contracts or Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II
## CONTRIBUTIONS UNDER ERISA – SUM CERTAIN

19. The allegations of Paragraphs 1 through 18 are incorporated by reference as if fully restated.

20. The Employer has failed to pay contributions to the Funds in violation of 29 U.S.C. §1145.

21. The Employer owes the Welfare Fund $40,114.84 in contributions, interest through April 21, 2025 and liquidated damages, plus additional interest owed through date of payment and reasonable attorneys' fees and costs incurred in this action or enforcement of any judgment as provided in the Labor Contracts or Trust Agreement.

22. The Employer owes the Pension Fund $11,210.70 in contributions, interest through April 21, 2025 and liquidated damages, plus additional interest owed through date of payment and reasonable attorneys' fees and costs incurred in this action or enforcement of any judgment as provided in the Labor Contracts or Trust Agreement.

23. The Employer owes the Legal Services Fund $540.29 in contributions, interest through April 21, 2025 and liquidated damages, plus additional interest owed through date of payment and reasonable attorneys' fees and costs incurred in this action or enforcement of any judgment as provided in the Labor Contracts or Trust Agreement.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment against the Employer and in favor of the Funds for at least $51,865.83 for the above stated contributions, interest, liquidated damages, plus any additional interest and reasonable attorneys' fees and costs incurred in this action or enforcement of any judgment as provided in the Labor Contracts or Trust Agreements.

      (2)      Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

                                          Respectfully submitted,

                                          SPEAR WILDERMAN, P.C.

                                          ___/s/ *Susan A. Murray*_____
                                          SUSAN A. MURRAY, ESQUIRE
                                          Attorney I.D. No. 53036
                                          230 S. Broad Street, Suite 1650
                                          Philadelphia, PA 19102
                                          (215) 732-0101
                                          smurray@spearwilderman.com
                                          Attorneys for Plaintiffs

Date:  July 10, 2025